84 A.3d 1054

ROBINSON TOWNSHIP, Washington County, PA;  Brian Coppola, Individually and in his Official Capacity as Supervisor of Robinson Township;  Township of Nockamixon, Bucks County, PA;  Township of South Fayette, Allegheny County, PA;  Peters Township, Washington County, PA;  David M. Ball, Individually and in his Official Capacity as Councilman of Peters Township;  Township of Cecil, Washington County, PA;  Mount Pleasant Township, Washington County, PA;  Borough of Yardley, Bucks County, PA;  Delaware Riverkeeper Network;  Maya Van Rossum, The Delaware Riverkeeper;  Mehernosh Khan, M.D.

v.

COMMONWEALTH of Pennsylvania;  Pennsylvania Public Utility Commission;  Robert F. Powelson, in his Official Capacity as Chairman of the Public Utility Commission;  Office of the Attorney General of Pennsylvania;  Kathleen Kane, in her Official Capacity as Attorney General of the Commonwealth of Pennsylvania;  Pennsylvania Department of Environmental Protection;  and E. Christopher Abruzzo, in his Official Capacity as Secretary of the Department of Environmental Protection.

Appeal of Senator Joseph Scarnati, III and Representative Samuel H. Smith, Participants.

Supreme Court of Pennsylvania.

Jan. 21, 2014.

Devin John Chwastyk, Debra P. Fourlas, McNees, Wallace & Nurick, LLC, Harrisburg, for Senator Joseph Scarnati, III & Representative Samuel H. Smith.

Matthew Hermann Haverstick, James J. Rohn, Mark Edward Seiberling, Joshua John Voss, Conrad O'Brien PC, Philadelphia, for PA PUC & PA Dept. of Environmental Protection.

Howard Greeley Hopkirk, Kathleen Granahan Kane, Linda L. Kelly, John G. Knorr, III, Calvin Royer Koons, PA Office of Attorney General, for Commonwealth of PA, Attorney General's Office.

John Michael Smith, Jennifer Lynn Fahnestock, Smith Butz, L.L.C., Canonsburg, John J. Arminas, Jonathan Mark Kamin, Goldberg, Kamin & Garvin LLP, Pittsburgh, Lauren M. Williams, Jordan Berson Yeager, Curtin & Heefner, LLP, Doylestown, William A. Johnson, Washington, Susan Jill Kraham, New York, for Robinson Twp, Twp of Nockamixon, Twp of S. Fayette, Peters Twp, Twp of Cecil, Mt. Pleasant Twp, et al.

## *ORDER*

PER CURIAM.

Senator Joseph Scarnati, III, President Pro Tempore of the Pennsylvania State Senate, and Representative Samuel H. Smith, Speaker of the Pennsylvania House of Representatives (the "legislators"), appeal the Order of the Commonwealth Court denying their "Petition to Intervene, and for Expedited Consideration Thereof." The Commonwealth Court held that the legislators did not have a legally enforceable interest in the action. Slip Op. at 8 (citing Pa.R.C.P. No. 2327(4)); *see Pines v. Farrell,* 577 Pa. 564, 848 A.2d 94, 97–98 & nn. 4–5 (2004) (citing Rules of Civil Procedure in disposing of petition to intervene filed in appellate court).

Following review of the briefs submitted, the Order of the Commonwealth Court is hereby **AFFIRMED.** *See Fumo v. City of Philadelphia,* 601 Pa. 322, 972 A.2d 487 (2009). In *Fumo,* the Court addressed what amounts to a sufficient legal interest for legislators to obtain party status, specifically standing in that matter. The Court held that members of the General Assembly have sufficient interest to participate in a legal action in their official capacity and based upon their special status "where there [i]s a discernible and palpable infringement on their authority as legislators." A legislator's legal interest has been recognized "to protect [the] legislator's right to vote on legislation" and "in actions alleging a diminution or deprivation of the legislator's ... power or authority." But, a legislator has no legal interest "in actions seeking redress for a general grievance about the correctness

of governmental conduct." *Id.* at 501. In this matter, the legislators offer that their purpose for intervening is to defend the constitutionality of Act 13, and to offer evidence and argument with respect to the intent of the General Assembly in enacting Act 13 and to the procedure by which Act 13 was adopted. As articulated, the legislators' interest implicates neither a defense of the power or authority of their offices nor a defense of the potency of their right to vote. Rather, the legislators simply seek to offer their perspective on the correctness of governmental conduct, *i.e.*, that the General Assembly did not violate the substantive and procedural strictures of the Pennsylvania Constitution in enacting Act 13. As in *Fumo*, the interest articulated is not sufficient to support the party standing of legislators in a legal action challenging the constitutionality of a legislative enactment.

Justice STEVENS did not participate in the consideration or decision of this matter.